### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLEN FOLSOM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-783-D |
| | ) |
| RICK WHITTEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **O R D E R**

This matter comes before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green on October 7, 2021, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). On November 1, 2021, the Court acting *sua sponte* directed the Clerk to mail a second copy of the R&R to Plaintiff, a state prisoner appearing *pro se*, and extended the deadline for filing an objection. *See* 11/1/21 Order [Doc. No. 14] at 3. With the extension, Plaintiff has now filed a timely Objection [Doc. No. 15].[1] Thus, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

---

[1] Plaintiff has also made an additional filing [Doc. No. 16] of an identical motion in all his pending civil cases, seeking injunctive relief regarding medical and mental health treatment and law library services.

Plaintiff brings this action under 42 U.S.C. § 1983 to recover damages for an alleged violation of his First Amendment right of access to the courts during his incarceration by the Oklahoma Department of Corrections at the North Fork Correctional Center (NFCC). Upon initial screening of the Complaint under 28 U.S.C. § 1915A(a), Judge Green recommends a dismissal without prejudice of the action against Defendants Rick Whitten and "Unknown Mailroom Staff" at the NFCC based on Plaintiff's failure to state a claim upon which relief can be granted and, as to Defendant Shon T. Erwin, judicial immunity. *See* 28 U.S.C. § 1915A(b).[2]  Further, if this recommendation is adopted, Judge Green finds that the dismissal should count as a "prior occasion" or "strike" under § 1915(g). *See* R&R at 7.

Because Plaintiff appears *pro se*, the Court liberally construes his allegations and the arguments in his Objection.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Even with the benefit of this liberal reading, the Court finds no challenge to Judge Green's findings regarding Plaintiff's § 1983 action against the NFCC Defendants (Warden Whitten and an unnamed mailroom employee).  Plaintiff contends he has been placed in a mental health unit with limited access to legal resources; he does not address the finding that he has failed to allege an actual injury, that is, a negative impact on the pending case identified in his pleading,

---

[2]  Judge Green also cites 28 U.S.C. § 1915(e)(2).  This provision applies to cases brought *in forma pauperis* (IFP) under § 1915(a), and no consideration has yet been given to Plaintiff's pending motion to proceed IFP.  According to the Tenth Circuit, "assuming . . . § 1915(e)(2) places an affirmative obligation on the district court to review the claims of litigants proceeding IFP, there is simply no indication that the obligation attaches prior to the IFP determination." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

*Folsom v. Beckham County Court*, Case No. CIV-21-582-G (W.D. Okla. June 7, 2021). He also does not address the finding that Defendant Erwin, a magistrate judge of this Court, enjoys judicial immunity for the conduct of which Plaintiff complains. Thus, the Court finds no basis to disagree with Judge Green's finding that Plaintiff's Complaint fails to state a § 1983 claim against any defendant. As to the impact of § 1915(g), Plaintiff asserts that the Prison Litigation Reform Act, which added this provision to 28 U.S.C. § 1915, is unconstitutional. The court of appeals has rejected this assertion. *See White v. Colo.*, 157 F.3d 1226, 1233-35 (10th Cir. 1998).

Therefore, upon *de novo* review of the R&R and the issues raised by Plaintiff's Objection, the Court fully concurs in Judge Green's findings and recommendation for dismissal. The Court further finds that with this dismissal, Plaintiff has accumulated his third "strike" under § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 541 (2016) (§ 1915(g) applies to "a prisoner who has accumulated three prior qualifying dismissals" even if "his appeal of one such dismissal is pending").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 10] is **ADOPTED** in its entirety. Plaintiff's action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as to Defendants Whitten and Unknown Mailroom Staff and pursuant to 28 U.S.C. § 1915A(b)(2) as to Defendant Erwin. A separate judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that the Clerk is directed to record that this dismissal constitutes Plaintiff's third "strike" for purposes of a future motion to proceed *in forma*

*pauperis* under 28 U.S.C. § 1915.   All pending motions [Doc. Nos. 7, 9, 16] are **DENIED** as moot.

    **IT IS SO ORDERED** this 30th day of November, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge